WHITE v. VON WAFFENSTEIN.

(Supreme Court, Appellate Term.  June 26, 1905.)

CONTRACTS—FAILURE TO PERFORM—ACTION FOR PRICE.

Where plaintiff, having installed a heating plant in defendant's apartment house, contracted to change the system to a low-temperature system, and guarantied the system as changed to heat the rooms in which radiators were located to 70 degrees in zero weather, and in case defendant should be unable to make a substantial reduction in the amount of fuel used he would relinquish his charge for the change, it was no excuse for his failure to comply with his guaranty to heat the rooms, and effect a saving of fuel, that a flue in the building was too small, and that by reason of the construction of the building it was a difficult one to heat.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Leslie White against Carolina Hoffman Von Waffenstein.  From a Municipal Court judgment in favor of plaintiff, defendant appeals.  Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Musgrave & Warner, for appellant.

Headley M. Greene, for respondent.

SCOTT, P. J.  The action is for a balance claimed to be due for the installation of a hot-water heating apparatus in defendant's apartment house.  The complaint sets up only a contract dated October 11, 1901.  The proof tends to show, and the plaintiff concedes upon his brief, that the system installed under this contract has been fully paid for.  There was a second contract, not referred to in the complaint, upon which the plaintiff now seeks to recover. Nearly all of the evidence on the trial related to this second contract, and, apparently by common consent, it was treated as if covered by the complaint.  By the second contract, dated October 7, 1902, the plaintiff undertook to change the high temperature hot-water heating system theretofore installed by him to a low-temperature system for the price of $125, to be paid two years from the date of completion.  In case the defendant should be unable to make a substantial reduction in the amount of fuel used, plaintiff agreed to relinquish his claim for the $125.  Plaintiff also guarantied the apparatus to be installed to be capable of heating the rooms in which radiators are located to 70 degrees in zero weather. The change in installation was made.  The apparatus proved to be incapable of heating the rooms to 70 degrees in zero weather, or even in weather much warmer.

The plaintiff seeks to excuse his failure to comply with his guaranty by asserting that a flue in the building was too small, and that by reason of the construction of the building it was a difficult one to heat.  These excuses are frivolous and insufficient.  Before he made the contract he had already installed one system in the house, and knew, or had every opportunity to acquire knowledge, of the conditions and character of the house.  His guaranty was absolute, and was made with reference to the house as it was, and as he

knew it. The specification attached to his first contract did make some reference to the size of the flues, but nothing of that kind appears in the second contract. The case is a simple one of an unfulfilled guaranty. Furthermore, the preponderance of evidence is to the effect that the substituted apparatus did not make a substantial reduction in the coal supply. The evidence was wholly insufficient to sustain the judgment in favor of plaintiff.

The defendant interposed a counterclaim, which was disallowed. As there must be a new trial, it is unnecessary to consider whether any allowance should have been made.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.